FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LASHANDA COOPER,

Plaintiff,

v.

TENET HEALTHCARE, INC., et al

Defendants.

CASE NO. 2:25-cv-13881
Hon. MATTHEW F. LEITMAN

_______________________________________/

JAMES J. HARRINGTON IV (P65351)
ROBERT G. KAMENEC (P35283)
PAUL G. HUEBNER (P78139)
MATTHEW A. PICCIRILLI (P76550)
ADAM G. WINN (P84137)
*Fieger, Fieger, Kenney & Harrington PC*
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555; Fax (248) 355-5148
p.huebner@fiegerlaw.com
m.piccirilli@fiegerlaw.com

LOUIS P. GABEL (P80365)
STEPHEN J. COWEN (P82688)
*Jones Day*
Attorneys for Defendants Tenet Healthcare, Inc., VHS of Michigan and VHS Sinai-Grace Hospital, Inc.
150 West Jefferson, Suite 2100
Detroit, MI 48226
(313) 733-3939
lpgabel@jonesday.com
scowen@jonesday.com

_______________________________________/

# PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES The Plaintiff, LASHANDA COOPER, by and through her attorneys, Fieger, Fieger, Kenney & Harrington, P.C., and for her Amended Second Complaint against the Defendants, states as follows:

## OVERVIEW OF THE COMPLAINT

Plaintiff LASHANDA COOPER presented to Sinai Grace Hospital August 8, 2024, for treatment of Chronic Obstructive Pulmonary Disease (COPD). She

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

presented through the emergency department seeking competent, safe medical treatment. While in the hospital, LASHANDA COOPER was sexually assaulted by a Defendant employed by SINAI GRACE HOSPITAL as a staff nurse, Defendant FIGUEROA-BERRIOS. Under the guise of adjusting a catheter, when LASHANDA COOPER did not have a catheter, he proceeded to sexually assault her.

Unbeknownst to LASHANDA COOPER, SINAI GRACE HOSPITAL had hired, Defendant FIGUEROA-BERRIOS who had previously been fired from another hospital due to multiple complaints of sexual misconduct, had been arrested for an assault in 2019, expressed concerning and sexually suggestive/inappropriate social media posts, as well as multiple other acts of misconduct that Defendant SINAI GRACE HOSPITAL was aware of or reasonably should have been aware of. In light of this, Defendant SINAI GRACE HOSPITAL wrongfully and recklessly hired Defendant FIGUEROA-BERRIOS and allowed him to not only be employed but placed into a position of trust that he predicably debased and proceeded to sexually abuse and assault numerous patients while at Defendant SINAI GRACE HOSPITAL.

## PARTIES AND JURISDICTION

1. At all times relevant, Plaintiff, Lashanda Cooper was a resident of The City of Detroit, County of Wayne, State of Michigan.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

2. Defendant Tenet Healthcare, Inc. (hereinafter, "Tenet"), is a foreign for-profit, publicly traded healthcare services company headquartered in Dallas, Texas; operating hospital facilities nationwide including in the City of Detroit, County of Wayne, State of Michigan through a group of healthcare facilities referred to as the Detroit Medical Center (DMC).

3. Defendant, VHS of Michigan, Inc. (hereinafter, "VHS of Michigan"), is a foreign for-profit corporation that owns and operates the DMC, including VHS SGH, in the City of Detroit, County of Wayne, State of Michigan.

4. Defendant, VHS Sinai Grace Hospital, Inc. (hereinafter "SGH" or "Sinai- Grace Hospital"), is a foreign for-profit corporation that owns and operates SGH, which is part of the DMC and therefore also operates in the City of Detroit, County of Wayne, State of Michigan.

5. At all times relevant, Tenet Health Care, owned, operated, staffed, controlled, managed, and/or otherwise supervised the operations of SGH, at which the below described incident occurred.

6. At all times relevant, Allison Damarais is, and was, the Group Chief Human Resources Officer at Tenet Health Care, for Detroit Medical Center, an operating hospital system wholly owned and controlled by Tenet Healthcare Corporation (“Tenet”).

7. At all times relevant, the Defendant Wilfredo Figueroa-Berrios, R.N., was an employee, agent, and/or representative of the SGH.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

8. The amount in controversy greatly exceeds One Hundred Million Dollars ($100,000,000), exclusive of costs, interest, and attorneys' fees, and is otherwise subject to the jurisdiction of this Court.

9. Venue and jurisdiction are properly vested in this Court as the events at issue occurred in the City of Detroit, County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as if restated fully herein.

11. The DMC's largest and only full-service adult hospital is SGH, a 383-bed hospital and designated Level Two trauma center that primarily serves low-income, high acuity urban residents—often reporting financial deficits.

12. More recently, the DMC hospital system was purchased by Vanguard Health Systems ("VHS") in 2010.

13. VHS went public the next year, in 2011 and then was purchased by Tenet Health Care in 2013. That purchase included Tenet acquiring the DMC and its affiliate hospitals including SGH.

14. At all times material and relevant herein, Defendants Tenet, VHS of Michigan, and SGH owned, occupied, operated, and maintained the premises on which SGH is located—6071 West Outer Drive, Detroit, Michigan 48235.

15. Providing staff to meet patients' needs in a safe manner—free from abuse is an essential administrative requirement for all hospitals; however, Tenet

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Health Care—like many for profit hospitals—targeted nursing and hiring expenditures related to staff to reduce operational costs and increase profitability.

16. In 2024, the Michigan Department of Health and Human Services ("MDHHS") assessed SGH's compliance with Chapters 7 and 7 A of the Michigan Mental Health Code ("MHC") and the MDHHS Administrative Rules. SGH received a score of 149 points out of a possible 346 points and was noted to be in "LESS THAN SUBSTANTIAL COMPLIANCE" with standards specifically designed to protect patient rights.

17. According to MDHHS metrics, a hospital must score at least 277 out of 346 points to be in 'full compliance.' SGH, with a score of 149 points, falls well below this threshold.

18. MDHHS identified significantly concerning deficiencies and/or practices at SGH, in violation of MCL 330.1755, MCL 330.1722, and MCL 300.1788 and their various subsections, including, but not limited to:

a. An absence of policies ensuring complainants' protection from harassment or retaliation rights-related activities;

b. Contracts missing required provisions mandating rights training and adherence to rights protection policies, including cooperation with investigations;

c. A failure to notify patients of advocacy organizations

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

or offer assistance in preparing rights complaints;

d. An absence of a record system or log for all reports of apparent or suspected rights violations;

e. Staff not receiving rights-protective training within 30 days of hire;

f. A complete absence of training materials on recipient rights;

g. Rights complaints not being sent to the complainant with an acknowledgment letter in 84% of case;

h. Immediate investigations not being conducted in 25% of abuse, neglect, serious injury, or death cases involving apparent or suspected rights violations;

i. Investigation activities, including interview notes, documents reviewed, policies, and other sources of evidence pertaining to the investigation, not being accurately recorded in 41 % of cases;

j. A final written investigative report not being sent to the Hospital Director upon completion of the investigation in 25% of cases;

k. The Hospital Director not submitting a signed written summary report to the complainant in 43% of cases;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

l. If a plan of action was identified in a summary report, follow-up protocols were not completed, and required notifications to individuals were not made;

m. Remedial and/or disciplinary action not being documented within the rights case file in 62% of cases;

n. Written investigative reports not including a statement of the alleged rights violations in 44% of cases;

o. Written investigative reports not including investigative findings sufficient to provide a detailed inquiry or a systematic examination of the allegation in 50% of cases;

p. In more than half of the cases, a written investigative report did not include a conclusion with an analysis of the findings or a decision as to whether a violation occurred;

q. In more than half of the cases, a written investigative report did not include recommendations for appropriate remedial action or an attempt to prevent a recurrence of the violation;

r. In 80% of cases involving substantiated abuse or neglect, the Hospital Director did not ensure that

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

appropriate disciplinary or preventative action was taken, and;

s. In 50% of cases involving substantiated abuse or neglect, the Hospital Director did not take remedial action to remedy the violation or prevent recurrence.

19. MDHHS gave SGH an overall score of 60% for compliance with abuse and neglect reporting policies and 0% for compliance with qualifications and training of rights staff.

20. SGH's internal policy review further revealed fundamental deficiencies, including, but not limited to:

a. An incorrect definition of "abuse";

b. An incorrect definition of "neglect";

c. The omission of a definition of "endangerment" in its law-enforcement reporting policies;

d. An absence of mandatory reporting procedures for abuse or neglect;

e. No policy requiring timely investigations of suspected rights violations;

f. A failure to advise complainants of available advocacy organizations; and,

g. A lack of clarity regarding responsibility for

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

authorizing access to surveillance footage.

21. The MDHHS's findings demonstrate system-wide deficiencies linked to Tenet's understaffing and inadequate supervision.

22. In addition, Sinai-Grace Hospital was given an "F" grade in 2024 by Leapfrog which is a non-profit advocacy group for healthcare transparency. Leapfrog is a Washington D.C. based non-profit that represents employers and other healthcare purchasers and aims to improve healthcare quality and safety through transparency. Leapfrog issues a semi-annual Hospital Safety Grades based on a 30-metric criterion that includes data from the hospital and the Centers for Medicare & Medicaid Services. The report included significant low scores in categories for "process measures include the management structures and procedures a hospital has in place to protect patients from errors, accidents and injuries." Sinai-Grace Hospital declined to respond to the report.

23. By failing to train their employees, log complaints, investigate violations, and take appropriate disciplinary and preventative measures, the Defendant Corporations knowingly created a dangerous environment wherein risks were routinely ignored, placing every patient who entered SGH in danger.

24. The failures outlined *supra* were well known to the Corporate Defendants, and at all times relevant herein said The Defendant Corporations had actual and/or constructive notice of these systemic failures.

25. Independently of any medical judgment, and as a matter capable of lay

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

evaluation, Sinai-Grace failed to perform basic, non-medical hiring steps—such as statutorily required fingerprint-based background checks and reasonable reference checks—that would have disclosed Berrios's prior arrest and misconduct history before permitting him access to vulnerable patients.

26. Sinai-Grace's disregard of regulatory citations and systemic compliance deficiencies—documented by state oversight agencies—demonstrates a pattern of noncompliance with fundamental requirements under statute, including rights training, complaint logging, and prompt investigations, all of which are administrative safeguards that do not require medical expertise to evaluate and that bear directly on whether Sinai-Grace should have hired and retained Berrios at any time.

27. MDHHS assessed Sinai-Grace as in "LESS THAN SUBSTANTIAL COMPLIANCE" with Chapters 7 and 7A of the Michigan Mental Health Code, and Sinai-Grace scored 149 out of 346 points—well below the 277 points required for full compliance—reflecting widespread failures in policies and practices intended to protect from abuse and neglect. These non-clinical, administrative failures are within the common understanding of jurors and further evidence Sinai-Grace's deficient approach to staffing, oversight, and rights protection relevant to Berrios's hiring and retention.

28. MDHHS further found Sinai-Grace failed to conduct immediate investigations in a substantial percentage of abuse/neglect cases, failed to maintain

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

complete investigative records, and failed to ensure disciplinary or preventative action after substantiated abuse or neglect, deficiencies that directly relate to non-medical hiring and retention safeguards and would have alerted Sinai-Grace to remove, terminate, or otherwise disqualify staff like Berrios from hiring.

29. Sinai-Grace's internal policy deficiencies identified by MDHHS—including incorrect definitions of "abuse" and "neglect," absence of mandatory reporting procedures, and lack of timely rights training—reflect a disregard for baseline compliance and protective systems that a reasonable hospital employer would implement and enforce as part of its hiring and onboarding processes, independent of clinical judgment.

30. Defendants knowingly employed Berrios despite the known or knowable history of misconduct and permitted him access to vulnerable patients; decisions grounded in administrative hiring and supervision choices that lay jurors can assess without expert testimony.

31. On information and belief, Berrios was associated with one or more staffing companies supplying "travel" or "float" nurses to understaffed facilities; Sinai-Grace's reliance on such staffing companies, combined with its failure to require and verify statutorily mandated fingerprint-based checks and to heed regulatory compliance warnings, created an unreasonable and preventable risk that Berrios would be hired despite his misconduct history.

32. Based on the facts known and which should have been discoverable,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Defendants should not have hired, engaged, or contracted with Defendant Berrios or in any way allowed Defendant Berrios to work as a nurse or have any engagement or interactions with patients at the hospital.

33. Before hiring and/or engaging Berrios, Defendants had actual and/or constructive knowledge of his dangerous conduct and failed to act reasonably and responsibly in response, including by failing to conduct required background checks and disregarding available information and regulatory directives that would have disqualified him from hiring.

34. These failures in hiring, onboarding, and compliance are non-medical administrative omissions that fall within the common knowledge of lay jurors, do not require expert testimony to evaluate, and directly and proximately led to Sinai-Grace's hiring of Berrios and his placement in positions of trust where he predictably harmed people, including Plaintiff, and the putative class members.

35. More specifically, The Defendants, by failing to have appropriate human resources policies and protocols to complete thorough, adequate and appropriate pre-hiring due diligence, including but not limited to:

a. Perform background checks;
b. Contact references
c. Screen potential employees
d. Conduct a thorough orientation
e. Draft and disseminate a clear policy on employee

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

conduct, including what constitutes sexual assault and outlining procedures for reporting and responding to incidents, record keeping, incident logs and consequences.

f. Create a culture of preventing sexual assault, including but not limited to, leadership commitment, anonymous reporting and review and update policies.

g. Additionally, the Defendants, by failing to draft and promulgate thorough and appropriate policies and procedures for hospital public safety, including but not limited to:

h. Establishing a police authority for patients and staff;

i. Reporting incidents, including sexual assaults;

j. Following up and investigating incidents, including sexual assaults;

k. Public knowledge and access to reporting incidents, including sexual assaults;

l. Employee knowledge and access to reporting incidents, including sexual assaults.

36. In failing in one or more of the ways detailed herein the public was exposed to an unreasonable risk at SGH that came to bear as Berrios' employment

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

and affiliation with SGH persisted and he was able to prey on his victims.

## RELEVANT HISTORY OF DEFENDANT WILFREDO FIGUEROA-BERRIOS, R.N.

### The Defendant Corporations Knew or Should Have Known

37. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as if restated fully herein.

38. Defendant Wilfredo Figueroa-Berrios ("Nurse Berrios") became a licensed nurse in 2012.

39. Nurse Berrios has consistently worked in high-risk emergency room settings serving vulnerable patient populations.

40. Upon information and belief, Nurse Berrios has exhibited assaultive, dangerous, and predatory behavior throughout his nursing career.

41. Upon information and belief, in 2016 he assaulted a fellow nurse when she presented as a patient at separate Detroit area hospital.

42. In said instance, while she was in the emergency department, despite not being assigned to her care, he appeared in her room.

43. Nurse Berrios talked to her and said he was helping her assigned nurse and administered an unknown medication that made her extremely drowsy—believed to be either Dilaudid or Ativan.

44. A short time later he told her that there was a "new protocol" at the hospital that required breast examination for female patients presenting through the

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

emergency department.

45. He instructed her to remove her shirt and undergarments; exposing her breasts.

46. Nurse Berrios then fondled her, groping her breasts.

47. His victim was "out of it" due to the medication he injected but knew that something was wrong and reported the assault to her assigned nurse when she returned.

48. Upon information and belief, Nurse Berrios was dismissed from employment from the subject Detroit area hospital, as well as another one, and put on a "do not hire" list at both.

49. Upon on information and belief, his terminations were based on complaints regarding lewd and inappropriate acts and comments.

50. In his personal life, Nurse Berrios repeatedly made alarming and sexually suggestive posts on social media, including one post in which he wrote, "At the Race for the cure ... so many boobs to take care of...its a hard job but someone's gotta dot it..." [sic] and further commented, "we could go and set up a tent to help with self breast examination knowledge renewals. Wouldn't that be sweet?"

51. In 2019, Nurse Berrios was arrested by the Wayne Police Department on an assault charge against a woman, thereafter, upon information and belief, between 2020 and 2021, Nurse Berrios was employed by a medical facility in Livonia, Michigan.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

52. Prior to his employment with Defendant SGH, Wilfredo Figueroa-Berrios ("Berrios") was employed as a registered nurse at a psychiatric facility operated by Hegira Health, commonly referred to as COPE, where he worked primarily overnight shifts with direct access to patients.

53. While employed at COPE, Berrios was the subject of multiple sexual-assault complaints and investigations involving, including allegations that he exploited his position as a nurse to administer sedating injections and then engage in sexually inappropriate or assaultive conduct.

54. In or about 2020, law enforcement investigated a complaint by a female patient alleging that Berrios sexually assaulted her after administering Ativan by injection during overnight hours at COPE. That investigation involved formal police reports, interviews, medical-record review, and coordination with recipient-rights authorities.

55. During the course of that investigation, Berrios affirmatively admitted to law enforcement that complaints of misconduct had previously been made against him and further admitted that he attempted to mitigate those complaints by using female chaperones when treating female patients—an admission that establishes both prior allegations and his awareness of the risk his conduct posed.

56. The existence of a prior sexual-assault allegation, law-enforcement investigation, and recipient-rights inquiry constituted material information directly bearing on Berrios's fitness to work with patients, particularly in unsupervised

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

overnight settings.

57. Upon information and belief, those incidents were documented in one or more of the following: police reports, internal incident reports, recipient-rights complaints, supervisory communications, and/or employment records maintained by COPE, Hegira Health, or affiliated oversight entities specifically LARA and the Joint Commission.

58. Despite the existence of this history, SGH hired Berrios after his employment at COPE without conducting an adequate background investigation, without requesting or reviewing prior employment disciplinary records, without contacting prior employers regarding allegations of patient abuse, and without performing any inquiry reasonably calculated to uncover prior sexual-misconduct complaints.

59. Had SGH conducted even a minimally competent pre-employment investigation, it would have discovered that Berrios had previously been accused of sexually assaulting patients under circumstances materially identical to those later alleged at SGH—namely, following the administration of sedating medications.

60. In addition to the 2020 investigation, law-enforcement records further reflect that Berrios was a known subject of concern to investigators based on multiple interactions with the COPE facility, including repeated complaints regarding his conduct toward patients and coworkers.

61. These matters were not remote, trivial, or unrelated to Berrios's role at

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

SGH. Rather, they involved the precise risk that ultimately materialized: sexual assault of a patient during inpatient care by a nurse entrusted with administering sedating medication.

62. Again in November of 2021, Nurse Berrios is named in a complaint that is investigated by law enforcement. Yet again, he was accused of sedating and assaulting a patient at COPE.

63. Again in December of 2021, a patient reported that Nurse Berrios had given her multiple injections of the drug Ativan—causing sedation and then he sexually assaulted and raped her —the report is eerie—nearly identical in *modus operandi,* to his other assaultive acts.

64. In an interview with law enforcement he confirmed the other complaints, above, and added that yet another patient had reported that he had sexually assaulted her nearly 20 times—recording it with his cell phone; also to an assault involving a pregnant woman who was also a patient at the time.

65. Law enforcement requested that he undergo a polygraph examination which he declined and retained counsel—law enforcement reported him to LARA and the Joint Commission—a request for a warrant was sent to the Wayne County Prosecutor.

66. Upon information and belief, the Livonia Police Department investigated, and continues to investigate, Nurse Berrios for assaults and/or sexual assaults that occurred at medical facilities.

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

67. Upon information and belief, there are at least seven reports with approximately 1,300 pages relating to the investigation of Nurse Berrios.

68. Upon information and belief, there are at least five victims associated with Nurse Berrios' assaults in Livonia, Michigan.

69. Despite his dangerous history, the Defendant Corporations employed Nurse Berrios as a nurse at SGH, where he worked overnight shifts primarily.[1]

70. Defendants had long-standing, pervasive, and specific notice—both actual and constructive—that Wilfredo Figueroa-Berrios posed an extreme and unreasonable risk of violent and sexual harm to patients long before Plaintiff Lashanda Cooper was assaulted.

71. Prior to and during Berrios's employment at Sinai-Grace Hospital, Defendants were aware, or in the exercise of reasonable care should have been aware, that Berrios had demonstrated a sustained pattern of predatory conduct, physical aggression, boundary violations, and sexual misconduct toward vulnerable patients in clinical settings.

72. Defendants knew or should have known that Berrios had previously been terminated or forced out of other healthcare facilities following patient complaints of assaultive or sexually exploitative conduct, including but not limited

[1]In October of 2024, the State of Michigan Department of Licensing and Regulatory Affairs ("LARA") conducted a state licensure survey at SGH and found that the hospital was not in compliance with MCL 333.20173(a), which requires health facilities to conduct criminal background checks before employing, contracting with, or granting clinical privileges to an individual who will produce direct services to patients. Specifically, SGH failed to provide LARA with evidence of fingerprint-based background checks for unit employees during the survey.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

to misconduct reported at Trinity Health, COPE, and affiliated psychiatric facilities.

73. Defendants further knew or should have known that Berrios had been arrested for assault and was the subject of multiple law-enforcement investigations arising out of patient abuse, facts that were publicly available and discoverable through even the most basic criminal background screening.

74. Despite these red flags, Defendants failed to conduct required fingerprint-based criminal background checks, failed to conduct meaningful reference checks, and failed to comply with Michigan statutory mandates governing the screening of individuals granted direct access to patients.

75. As a result of these failures, Defendants either knowingly disregarded or willfully ignored information that would have disqualified Berrios from employment and would have prevented his exposure to patients, including Plaintiff Lashanda Cooper.

76. After being hired by SGH, Berrios was placed in substantially the same role he held at COPE—an overnight nurse with access to isolated psychiatric patients, authority to administer injections, and minimal real-time supervision—despite the Defendant Corporations failure to vet his prior employment history.

77. By failing to obtain and review Berrios's employment history at COPE, SGH deprived itself of critical warning signs that would have compelled a reasonable healthcare institution either to refuse to hire Berrios, restrict his duties, or impose strict supervision and chaperone requirements.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

78. The risk that Berrios would sexually assault a patient at SGH was therefore not speculative or unforeseeable, but the natural and probable consequence of the Defendant Corporations decision to hire a nurse with a readily discoverable history of sexual-misconduct allegations involving patients.

79. The recurrence of nearly identical conduct at Defendant Corporations demonstrates that Berrios's prior history was predictive, not coincidental, and that Defendant Corporations' failure to uncover that history directly enabled the assault of Plaintiff.

80. Plaintiff's assault was not an isolated or unforeseeable act, but the realization of a known danger that the Defendant Corporations would have discovered had it exercised reasonable care in hiring and Berrios.

**Whistleblower Complaint**[2]

81. After hiring and then re-hiring Berrios, Defendants received repeated internal warnings that he was physically aggressive toward psychiatric and emergency-department patients, used excessive force, and sought out patients to victimize under the guise of clinical necessity.

82. Multiple staff members personally observed Berrios engaging in unprovoked physical aggression, inappropriate touching, and sexually charged behavior toward co-workers and patients, including patients who were sedated,

[2] Wayne County Case Number: 25-017491-CZ

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

injured, developmentally disabled, or psychiatrically compromised.

83. These incidents were not isolated, accidental, or ambiguous; rather, they reflected a consistent *modus operandi* in which Berrios exploited his access, authority, and the hospital environment to dominate and violate patients.

84. Staff complaints regarding Berrios were communicated to charge nurses, supervisors, safety officers, and emergency department leadership, placing hospital management on direct notice that Berrios posed an immediate danger to patient safety.

85. One fellow employee nurse stated that: "…everyone on midnights has seen Wilfredo [Berrios] penis…"

86. Despite receiving these reports, Defendants routinely failed to investigate, failed to review available surveillance footage, failed to document prior incidents accurately, and failed to impose discipline, monitoring, restrictions, or removal from patient care.

87. Instead of protecting patients, Defendants allowed Berrios to continue working night shifts in high-risk units where patient vulnerability was at its peak and oversight was minimal.

88. Defendants were further aware that Berrios had made sexually explicit comments to patients, including remarks of a degrading and fetishized nature, and that formal patient complaints had been lodged as a result.

89. Rather than initiating formal investigations or reporting these incidents

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

to appropriate authorities, Defendants minimized, suppressed, or internally "handled" complaints in a manner designed to shield Berrios from scrutiny.

90. Defendants also knew or should have known that Berrios deliberately inserted himself into patient rooms where he had no clinical responsibility, a hallmark of grooming and predatory behavior.

91. By allowing this conduct to continue unchecked, Defendants effectively ratified Berrios's behavior and communicated—both explicitly and implicitly—that patient complaints would not result in meaningful consequences.

92. Defendants' own internal practices fostered a culture in which staff understood that reporting Berrios was futile and potentially retaliatory, further ensuring that dangerous conduct remained uncorrected.

93. Defendants possessed or had access to internal incident-reporting systems documenting repeated red flags related to Berrios's conduct, including violent restraint techniques, inappropriate physical contact, and sexually suggestive behavior.

94. Defendants nevertheless chose to retain Berrios, continue assigning him to patient-facing roles, and allow him unsupervised access to female patients.

95. As a direct and foreseeable consequence of Defendants' hiring, supervision, and retention failures, Berrios continued to escalate his conduct from aggression and boundary violations to overt sexual assault.

96. By the time of Plaintiff Lashanda Cooper's assault, Defendants had

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

available years of warnings that Berrios was a sexual predator operating within their facility.

97. Defendants' knowledge was sufficient to make the specific type of harm inflicted upon Plaintiff not merely foreseeable, but inevitable.

98. Defendants had the authority, ability, and obligation to prevent Plaintiff's assault by refusing to hire Berrios, removing him from patient care, enforcing background-check requirements, reporting prior incidents, or implementing meaningful supervision.

99. Then while employed at SGH, Nurse Berrios assaulted a female on May 9, 2025, after forcing himself into a porta-potty outside Grand Circus Park in Detroit, Michigan.

100. At all times relevant herein, the Defendant Corporations held SGH open to the public as a medical facility that is safe and diligently monitored through representations such as, "This is our home too" and "You've come to trust the DMC to be there, to care for you, and to take care of the ones you love. The same as you would treat your own family."

101. Despite The Defendant Corporations' assurances, The Defendant Corporations knowingly and continuously employed Nurse Berrios in high-risk settings and permitted him to treat patients who were particularly susceptible to exploitation or harm.

102. On information and belief, multiple complaints and reports existed

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

regarding Berrios's conduct before and during his employment at Sinai-Grace.

103. The Defendant Corporations deliberately disregarded the well-known and inherent risks posed to the vulnerable populations their facilities are entrusted to protect, choosing instead to place patients in harm's way by hiring and retaining Nurse Berrios.

104. The sexual assault inflicted on Plaintiff was foreseeable and preventable. It occurred after years of warning signs, regulatory violations, ignored complaints, and systemic non-compliance that placed the Defendant Corporations on actual and constructive notice of the risk posed by Berrios.

**PLAINTIFF COOPER'S SPECIFIC FACTUAL ALLEGATIONS**

105. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as if restated fully herein.

106. The Plaintiff is a 49-year-old woman who was admitted to SGH on August 8, 2024, for treatment of respiratory distress, and remained admitted overnight into August 9, 2024.

107. According to the records, in the evening of August 8, 2024, Nurse Berrios took over care of the Plaintiff from Zeinab Berro, R.N.

108. While the Plaintiff was admitted, Nurse Berrios was assigned as her nurse beginning in the evening of August 8, 2024, and into the morning of August 9, 2024.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

109. Nurse Berrios authenticated and performed multiple medication administrations during his shift to the Plaintiff.

110. The multiple medications administered to her, included acetaminophen-hydrocodone (Norco), duloxetine, cyclobenzaprine, hydroxyzine, and methylprednisolone (for neuropsychiatric risk)—have strong sedative effect, particularly in combination with one another.

111. The Plaintiff was ambulatory and able to get to the restroom and toilet independently.

112. Notably, the Plaintiff *did not* have orders for urinary catheterization, external or indwelling, during this admission.

113. In the early morning hours of August 9, 2024, Nurse Berrios—under the false guise of "adjusting" her catheter—entered the Plaintiff's room.

114. Nurse Berrios then sexually assaulted the Plaintiff when he engaged in proscribed conduct—touching the Plaintiff's genitals and/or perianal area—in a way that was sexually gratifying to him and was unwelcomed and unconsented to by the Plaintiff.

115. Nurse Berrios coerced the Plaintiff by misrepresentations and did physically touch the Plaintiff's genitals and/or perianal area—in a way that was sexually gratifying to him and was unwelcomed and unconsented to by the Plaintiff.

116. At all relevant times, Defendants owned, operated, controlled, staffed, and held open to the public SGH,.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

117. Although Berrios's conduct constituted criminal acts, Defendants remain liable because those acts were foreseeable and enabled by Defendants' failure to exercise reasonable care in light of known risks.

118. Defendants' duty to protect patients from foreseeable harm was not extinguished by the criminal nature of Berrios's conduct.

119. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. Plaintiff, suffered, and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;
k. Post traumatic stress disorder;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

l. All other damages revealed during discovery.

120. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

**COUNT I—SEXUAL ASSAULT AND BATTERY**

121. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

122. At all times relevant, Plaintiff was a vulnerable adult and resident of Defendant DMC

123. Nurse Berrios engaged in intentional unlawful offer(s) of corporal injury to the Plaintiff, that created a well-founded fear of imminent peril and the apparent, then present, ability to complete the unlawful injury if not prevented.

124. Nurse Berrios engaged in unconsented, harmful, and/or offensive touching of the Plaintiff, that was sexual in nature and was unwelcomed by the Plaintiff, .

125. Defendant, Nurse Berrios's, unlawful, unconsented, and/or unwelcome touching of the Plaintiff, that was sexual in nature was in violation of the applicable common laws, statutes, and case law of the State of Michigan.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

126. The offenses perpetrated upon the Plaintiff, by Defendant Nurse Berrios, were harmful, extreme, outrageous, and offensive causing severe and permanent emotional and mental injuries and damages.

127. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;
k. Post traumatic stress disorder;
l. All other damages revealed during discovery.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

128. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

**COUNT II – DIRECT NEGLIGENCE OF**
**THE DEFENDANT CORPORATIONS and ALLISON DAMARAIS**

**A. TENET HEALTHCARE, INC., VHS OF MICHIGAN, INC., and VHS SINAI-GRACE HOSPITAL, INC.**

**i. Negligence In Hiring Practices**

129. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

130. A "duty . . . may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of an undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of another." *Clark v*

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

*Dalman*, 379 Mich 251, 261 (1967). "Every person is under a duty to so act, or to use that which he controls, as not to injure another." *Id*.

131. This rule applies to employers. *Hersh v Kentfield Builders*, *Inc*, 385 Mich 410, 412-413 (1971)("[A]n employer most use due care to avoid the selection or retention of an employee whom he knows or should know is a person unworthy, by habits, temperament, or nature, to death with persons invited to the premises by the employer.")

132. At all times relevant, The Defendant Corporations had a duty to the public and to the Plaintiff, in particular to act reasonably under the circumstances, to hire or otherwise employ or engage only agents and/or employees who do not have a history of sexually predatory or assaultive behavior directed towards patients, so as to prevent unlawful physical contact and sexual assaults of its patients.

133. To the extent that The Defendant Corporations had any policy, procedure, or practice regarding the hiring of agents and/or employees who do not have a history of sexually predatory or assaultive behavior directed towards patients, it negligently failed to enforce and/or properly administer said policies, procedures, and/or practices.

134. The Defendant Corporations had actual and/or constructive knowledge that Nurse Berrios posed a risk of harm to the Plaintiff.

135. The Defendant Corporations had actual and/or constructive knowledge that Nurse Berrios posed a risk of harm to the Plaintiff, .

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

136. Before Nurse Berrios was hired, The Defendant Corporations had actual and/or constructive knowledge as to the previous dangerous conduct of Nurse Berrios and failed to act reasonably and responsibly in response.

137. The Defendant Corporations had actual and/or constructive knowledge that Nurse Berrios committed sexual assault and abuse and/or was continuing to engage in such conduct.

138. Defendants had a duty to protect Plaintiff and others in the Plaintiff's situation against the risk of injury by Nurse Berrios.

139. The duty to disclose this information arose by the special relationship between The Defendant Corporations' hospital-patient relationship with the Plaintiff.

140. The Defendant Corporations breached said duty by failing to take reasonable steps to protect the Plaintiff from Nurse Berrios.

141. In addition to subjecting Plaintiff to sexual assaults, where The Defendant Corporations had actual and/or constructive knowledge of Nurse Berrios prior sexual assaults, The Defendant Corporations breached their duties to protect Plaintiff by failing to investigate and terminate Nurse Berrios' employment with The Defendant Corporations prior to his treatment of Plaintiff.

142. At all times relevant, The Defendant Corporations and its agents and employees breached the duty of care and were directly negligent in one or more of the following ways:

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

a. Failing to perform adequate background and/or reference checks prior to employment of their providers;

b. Failing to refrain from hiring providers with a background that included sexual assault, sexual battery, and/or other criminal acts that would expose patients to risk of being victimized by their providers;

c. Any other acts of negligence yet to be determined.

143. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein.

**ii. <u>Negligence In Training, Supervision, and Retention</u>**

144. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

145. At all times relevant, the Defendant Corporations had a duty to the public and to the Plaintiff, in particular, to act reasonably under the circumstances and to adequately train and supervise its agents and employees, including Nurse Berrios, so as to prevent unlawful physical contact and sexual assaults of its patients.

146. To the extent that the Defendant Corporations had any policy or practice to train and supervise its agents and employees to prevent unlawful physical contact and sexual assaults of its residents, they negligently failed to

enforce and/or properly administer said policy.

The Defendant Corporations further owed a duty to the public and to the Plaintiff to use ordinary care to ensure Plaintiff's safety and freedom from unlawful physical and sexual conduct while she was a patient of SGH.

147. Defendants had a duty to protect Plaintiff and others in the Plaintiff's situation against the risk of injury by Nurse Berrios.

148. The Defendant Corporations breached said duty by failing to take reasonable steps to protect the Plaintiff from Nurse Berrios.

149. At all times relevant, the Defendant Corporations and their agents and employees breached the duty of care and were directly negligent in one or more of the following ways:

a. Failing to adequately hire, train, and supervise its staff that all sexual contact with residents is unlawful;

b. Failing to adequately supervise, direct, monitor, and control its staff, including Nurse Berrios;

c. Failing to provide a safe and appropriate environment for residents free from unlawful physical and sexual contact by its staff, including Nurse Berrios;

d. Failing to take reasonable measures to prevent physical and sexual contact between residents and staff once it

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

knew or should have known that its staff was engaging in unlawful conduct;

e. Failing to investigate physical and sexual contact between residents and staff once it knew or should have known that its staff was engaging in unlawful conduct;

f. Any other acts of negligence yet to be determined.

150. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**ALLISON DAMARAI**

**iii. Negligence in Hiring Practices**

151. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

152. Defendant Allison Damarais is, and at all relevant times was, the Group Chief Human Resources Officer for Detroit Medical Center, an operating hospital system wholly owned and controlled by Tenet Healthcare Corporation ("Tenet").

153. Ms. Damarais is employed by Tenet Healthcare, not by an independent Michigan subsidiary, contractor, or shell entity, and at all relevant times acted within the course and scope of her employment with Tenet in exercising centralized human-resources authority over Tenet-owned hospital systems in Michigan, including SGH.

154. Through her role as Group Chief Human Resources Officer, Ms. Damarais exercised direct responsibility and oversight over hiring standards, background screening protocols, credentialing requirements, employee discipline, and workforce risk management for Tenet-operated hospitals in Michigan.

155. Ms. Damarais's responsibilities were not advisory or ministerial. Rather, she was charged with establishing, enforcing, and auditing HR compliance practices designed to protect patients from foreseeable harm arising from employee misconduct, including sexual abuse by clinical staff.

156. At all relevant times, Tenet—acting through Ms. Damarais—maintained centralized control over human-resources functions, including:

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

a. approval of hiring criteria and screening protocols;

b. background check requirements;

c. prior-employer verification procedures;

d. adverse incident and complaint escalation policies; and

e. workforce-risk mitigation for high-risk roles, including overnight nursing positions.

157. Despite holding this authority, Ms. Damarais failed to require or enforce any HR process reasonably designed to identify prior sexual-misconduct allegations, law-enforcement investigations, or patient-abuse complaints when SGH hired Wilfredo Figueroa-Berrios ("Berrios").

158. As a direct result of these failures, SGH hired Berrios without discovering that he had previously been accused of sexually assaulting psychiatric patients at a prior employer, allegations that would have been uncovered through even minimal due diligence.

159. Ms. Damarais knew or should have known that failure to conduct robust prior-employment and misconduct screening created a foreseeable and unreasonable risk of patient sexual assault.

160. Despite this known risk, Ms. Damarais approved, ratified, or permitted HR policies that prioritized speed of staffing and cost containment over patient safety.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

161. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein.

**iv. Negligence In Post-Hire Oversight, Supervision, And Retention**

162. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

163. Upon information and belief, Tenet—through Ms. Damarais—intentionally centralized HR authority at the corporate level while failing to implement or enforce safeguards necessary to monitor, restrict, or remediate high-risk employees after hire.

164. Ms. Damarais's actions and omissions were undertaken in Michigan-directed operations and caused the hiring and continued placement of Berrios in patient-facing roles, thereby enabling Plaintiff's injuries.

165. Tenet is therefore liable for Ms. Damarais's negligence under principles of respondeat superior, agency, and direct corporate negligence.

166. Tenet may not now claim that it is a mere holding company insulated from liability where its senior corporate HR executive exercised direct control over the hiring and retention failures that enabled a foreseeable sexual assault at a Michigan facility.

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

167. Plaintiff's injuries were the foreseeable and preventable result of Tenet's corporate HR failures, implemented and enforced by Ms. Damarais, and not the result of isolated or unforeseeable misconduct.

168. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;
k. Post traumatic stress disorder;
l. All other damages revealed during discovery.

169. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

**COUNT III—VICARIOUS LIABILITY OF**
**THE DEFENDANT CORPORATIONS**

170. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

171. At all times relevant, The Defendant Corporations had a duty to the public and to the Plaintiff, in particular to act reasonably under the circumstances, and to adequately train and supervise its agents and employees, including Nurse Berrios, to prevent unlawful physical contact and sexual assaults of its patients.

172. Nurse Berrios was an agent, employee, and/or representative of the Defendant Corporations at all times relevant to this case.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

173. At all times relevant, Nurse Berrios, was acting within the course and scope of employment with Defendant Corporations, thereby rendering The Defendant Corporations vicariously liable to Plaintiff for all damages caused by the conduct of its agents, employees, and/or representatives, as alleged *passim*, under the doctrine of *respondeat superior* and/or pursuant to *Grewe v. Mt. Clemens General Hospital*, 404 Mich. 240 (1978). Further, Nurse Berrios was aided in accomplishing the torts pleaded above by the agency relation and authority conferred on him by Defendant Corporations.

174. Allison Damarais was an agent, employee, and/or representative of the Defendant Corporations at all times relevant to this case.

175. At all times relevant, Allison Damarais, was acting within the course and scope of employment with Defendant Corporations, thereby rendering The Defendant Corporations vicariously liable to Plaintiff for all damages caused by the conduct of its agents, employees, and/or representatives, as alleged *passim*, under the doctrine of *respondeat superior* and/or pursuant to *Grewe v. Mt. Clemens General Hospital*, 404 Mich. 240 (1978).

176. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

a. Physical pain and suffering;

b. Mental anguish;

c. Physical manifestations of emotional distress;

d. Extreme fear, fright, and shock;

e. Guilt, embarrassment, humiliation, and shame;

f. Outrage;

g. Loss of social pleasures and enjoyments;

h. Decreased self-confidence;

i. Exacerbation of underlying mental health conditions;

j. Apprehension, fear, and distrust of the medical providers and facilities;

k. Post traumatic stress disorder;

l. All other damages revealed during discovery.

177. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

## COUNT IV – PREMISES LIABILITY

178. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

179. Plaintiff entered the SGH by invitation and for the mutual benefit of Plaintiff and The Defendant Corporations.

180. The Defendant Corporations were possessors of SGH.

181. The condition of security for SGH, including the inadequate security policies and procedures, lack of trained and/or supervised staff, and specifically the improper monitoring of staff with dangerous propensities, posed an unreasonable risk of harm to Plaintiff.

182. The Defendant Corporations had actual and/or constructive knowledge of the dangerous condition of their employees, particularly Nurse Berrios.

183. The Defendant Corporations had a duty to exercise ordinary care, including the duty to inspect and make safe any dangerous condition or give adequate warning.

184. The Defendant Corporations breached this duty by failing to adequately warn Plaintiff of the condition.

185. The Defendant Corporations further breached this duty by failing to make the condition of the hospital reasonably safe, including by failing to involve

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

law enforcement within a reasonable time upon adequate notice of Berrios' unlawful actions and propensity for sexual abuse.

186. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;
k. Post traumatic stress disorder;
l. All other damages revealed during discovery.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

187. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

**COUNT V – HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF ELCRA**

188. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

189. SGH is a place of public accommodation as defined in Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq. (ELCRA).

190. Nurse Berrios is a person as that term is defined in the ELCRA and is an agent of The Defendant Corporations.

191. As a female, the Plaintiff, are members of a protected class as defined in the ELCRA.

192. The Plaintiff was subject to unwelcome sexual conduct and

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

communication by Nurse Berrios, based on her sex.

193. That the unwelcome sexual conduct and communication by Nurse Berrios, based on her sex created a sexually hostile environment which the Plaintiff was subjected to.

194. Given Nurse Berrios' known and available history and proclivities, his actions towards the Plaintiff were both foreseeable and preventable by the Defendant Corporations.

195. The Defendant Corporations both created and failed to take prompt and appropriate remedial action to the sexually hostile environment that existed and persisted at SGH.

196. The Defendants violated the ELCRA and deprived Plaintiff of Plaintiff's civil rights by, among other things, subjecting Plaintiff, because of her sex, to conduct and communication of a physical and sexual nature that had the purpose or effect of denying Plaintiff equal access to the use and privileges of public accommodations.

197. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

b. Mental anguish;

c. Physical manifestations of emotional distress;

d. Extreme fear, fright, and shock;

e. Guilt, embarrassment, humiliation, and shame;

f. Outrage;

g. Loss of social pleasures and enjoyments;

h. Decreased self-confidence;

i. Exacerbation of underlying mental health conditions;

j. Apprehension, fear, and distrust of the medical providers and facilities;

k. Post traumatic stress disorder;

l. All other damages revealed during discovery.

198. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

**COUNT VI – QUID PRO QUO SEXUAL HARASSMENT**
**IN VIOLATION OF ELCRA**

199. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

200. SGH is a place of public accommodation as defined in Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101 et seq. (ELCRA).

201. Nurse Berrios is a person as that term is defined in the ELCRA and is an agent of The Defendant Corporations.

202. As a female, the Plaintiff, are members of a protected class as defined in the ELCRA.

203. The Plaintiff was subject to sexual advances / requests for sexual favors / other verbal or physical conduct and/or communication of a sexual nature by Nurse Berrios.

204. Nurse Berrios explicitly or implicitly used the Plaintiff, submission to or rejection of such conduct or communication as a factor in a decision affecting the decision to afford plaintiff the full and equal enjoyment of a public accommodation or public service.

205. Given Nurse Berrios' known and available history and proclivities, his actions towards the Plaintiff were both foreseeable and preventable by the Defendant

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Corporations.

206. Defendants violated the ELCRA and deprived the Plaintiff of her civil rights by, among other things, by subjecting Plaintiff, the Plaintiff, because of sex, to conduct and communication of a physical and sexual nature that had the purpose or effect of denying the Plaintiff, equal access to the use and privileges of public accommodations.

207. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

k. Post traumatic stress disorder;

l. All other damages revealed during discovery.

208. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

**COUNT VII – SEX DISCRIMINATION IN VIOLATION OF ELCRA**

209. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

210. SGH is a place of public accommodation as defined in the ELCRA.

211. Nurse Berrios is a person as that term is defined in the ELCRA and is an agent of The Defendant Corporations.

212. Plaintiff's sex was at least one substantial factor motivating Nurse Berrios to select Plaintiff as a victim of his sexual assault.

213. Had Plaintiff been a male, she would not have been targeted as a victim

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

by Nurse Berrios.

214. By giving Nurse Berrios access to Plaintiff as her treating nurse at SGH, despite having actual and/or constructive knowledge that Nurse Berrios was a sexual predator, The Defendant Corporations, through agents, representatives, and/or employees, including Nurse Berrios were predisposed to discriminate on the basis of Plaintiff's sex and acted in accordance with that predisposition.

215. By giving Nurse Berrios access to Plaintiff as her treating nurse at SGH, despite having actual and/or constructive knowledge that Nurse Berrios was a sexual predator, The Defendant Corporations, through agents, representatives, and/or employees, including Nurse Berrios, treated Plaintiff differently from similarly situated male patients who The Defendant Corporations did not give Nurse Berrios access to in the same way as it freely gave Nurse Berrios access to Plaintiff and hundreds of other female vulnerable patients, based on unlawful consideration of sex.

216. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;

b. Mental anguish;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

c. Physical manifestations of emotional distress;

d. Extreme fear, fright, and shock;

e. Guilt, embarrassment, humiliation, and shame;

f. Outrage;

g. Loss of social pleasures and enjoyments;

h. Decreased self-confidence;

i. Exacerbation of underlying mental health conditions;

j. Apprehension, fear, and distrust of the medical providers and facilities;

k. Post traumatic stress disorder;

l. All other damages revealed during discovery.

217. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, , intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $25,000.000, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## **COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

218. Plaintiff incorporates the foregoing paragraphs and allegations as though fully set forth herein.

219. The Defendants' conduct as outlined above was extreme, outrageous, and of such a character to not be tolerated by a civilized society.

220. Nurse Berrios, when he sexually assaulted the Plaintiff, engaged in conduct that was extreme, outrageous, and of such a character to not be tolerated by a civilized society; and demonstrating a disregard for whether distress would result because of his conduct.

221. Furthermore, Nurse Berrios exhibited throughout his nursing career conduct that was extreme, outrageous, and of such a character to not be tolerated by a civilized society, to wit, sexual assault and battery of patients at the various hospitals where he was employed, including at SGH.

222. The Defendant Corporations by hiring and retaining Nurse Berrios despite his known and available history and proclivities was conduct that was extreme, outrageous, and of such a character to not be tolerated by a civilized society.

223. The Defendant Corporations by hiring and retaining Nurse Berrios, despite his known and available history and proclivities engaged in conduct that was reckless, demonstrating a disregard of the likelihood that distress would result.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

224. The Defendants' conduct resulted in severe and serious emotional distress that has manifested physically in the Plaintiff, .

225. As a direct and proximate result of the acts or omissions of the Defendants, the Plaintiff has suffered injuries as well as economic and non-economic damages as described herein. The Plaintiff has suffered and continue to suffer and continues to suffer the following injuries and damages, including but not limited to:

a. Physical pain and suffering;
b. Mental anguish;
c. Physical manifestations of emotional distress;
d. Extreme fear, fright, and shock;
e. Guilt, embarrassment, humiliation, and shame;
f. Outrage;
g. Loss of social pleasures and enjoyments;
h. Decreased self-confidence;
i. Exacerbation of underlying mental health conditions;
j. Apprehension, fear, and distrust of the medical providers and facilities;
k. Post traumatic stress disorder;
l. All other damages revealed during discovery.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

226. The nature of the voluntary, willful, and wanton acts described herein inspire intense feelings of humiliation, outrage, and indignity in the Plaintiff, intensifying the injury and entitling the Plaintiff, to exemplary damages, in addition to any other damages in this matter.

WHEREFORE, Plaintiff, Lashanda Cooper, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, an award in an amount greatly in excess of the jurisdictional limit of $75,000.00, an award of damages in an amount to be proven at trial against Defendant exclusive of costs, interest, and attorney fees. deems just, equitable and appropriate under the circumstances.

Respectfully submitted by:

FIEGER, FIEGER, KENNEY &
HARRINGTON

/s/ *Robert G. Kamenec*
JAMES J. HARRINGTON IV (P65351)
ROBERT G. KAMENEC (P35283)
PAUL G. HUEBNER (P78139)
MATTHEW A. PICCIRILLI (P76550)
*Fieger, Fieger, Kenney & Harrington PC*
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555; Fax (248) 355-5148
p.huebner@fiegerlaw.com

Dated: June 24, 2026

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**REAFFIRMATION OF JURY DEMAND**

Plaintiff, LASHANDA COOPER, by and through her attorneys, FIEGER, KENNEY, & HARRINGTON P.C., hereby reaffirms her demand for a jury trial in the above cause of action.

Respectfully submitted by:
FIEGER, FIEGER, KENNEY &
HARRINGTON

/s/ *Robert G. Kamenec*
JAMES J. HARRINGTON IV (P65351)
ROBERT G. KAMENEC (P35283)
PAUL G. HUEBNER (P78139)
MATTHEW A. PICCIRILLI (P76550)
*Fieger, Fieger, Kenney & Harrington PC*
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555; Fax (248) 355-5148
p.huebner@fiegerlaw.com

Dated: June 24, 2026